ORR v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 77-3730. Submitted October 10, 1978, at Detroit.—Decided
    April 18, 1979. Leave to appeal denied, 407 Mich 865.

    Plaintiff, Clinton C. Orr, who was employed by Wayne County
        General Hospital, accrued, as a benefit of his employment, sick
        leave time at the rate of eight hours per month. This leave
        time accrued without limit, and, if unused at retirement, death
        or separation from employment, became an economic benefit to
        him. Defendant, Detroit Automobile Inter-Insurance Exchange
        (DAIIE), offered plaintiff a reduced rate on his auto insurance
        in exchange for coordinated work-loss benefits and issued ·a
        policy containing a coordinated work-loss provision. Plaintiff
        was injured in an auto accident and sued defendant in Wayne
        Circuit Court to recover his sick leave benefits expended before
        defendant commenced paying work-loss benefits. Summary
        judgment for plaintiff, Charles S. Farmer, J., who held that the
        policy provision was void as against public policy when applied
        to plaintiff's sick leave benefits. Defendant appeals. *Held:*

        An employee's sick-leave benefits whereby he accrues time
    for which he will be paid in the event he is unable to work due
    to illness and which, if unused at retirement or separation from
    employment, result in an economic benefit to him are not
    eligible for coordination of work-loss benefits under the no-fault
    act and any policy provision so providing is void as against
    public policy as to such benefits.

        Affirmed.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — COORDINATED
    WORK-LOSS BENEFITS — SICK-LEAVE BENEFITS.

    An employee's sick-leave benefits whereby he accrues time for
        which he will be paid in the event he is unable to work due to
        illness and which, if unused at retirement or separation from
        employment, result in an economic benefit to him are not
        eligible for coordination of work-loss benefits under the no-fault
        act and any policy provision so providing is void as against

REFERENCE FOR POINTS IN HEADNOTE
Am Jur 2d New Topic Service, No Fault Insurance §§ 22, 29.

public policy as to such benefits (MCL 500.3109a; MSA 24.13109[1]).

*Donnelly W. Hadden,* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Charles T. McCutcheon, Jr.),* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant appeals from the trial judge's entry of summary judgment in favor of plaintiff. The trial judge held that the sick leave plan at plaintiff's place of employment was not eligible for coordination of work-loss benefits under the no-fault act. MCL 500.3109a; MSA 24.13109(1).

Plaintiff was an employee of Wayne County General Hospital and this employment was regulated by the rules of the Wayne County Civil Service Commission. Under these rules, plaintiff was granted sick leave which accrued at a rate of eight hours per month. This sick leave could be accrued without limit and, if unused at retirement, death, or separation from employment, would result in a financial payment to the plaintiff. At the time of the accident in question, plaintiff had accrued 1,304 hours of sick leave (163 days).

Pursuant to MCL 500.3109a; MSA 24.13109(1), defendant offered plaintiff a reduced rate on his automobile insurance in return for coordinated work-loss benefits. Plaintiff's insurance policy with defendant contained the following provision:

"Coordinated Work Loss Benefits"
"In consideration of the reduced premium for Personal Protection Insurance, and the presumption that loss of income benefits are provided by another source, and provided the Insurance Declaration Certificate or

Policy Change Endorsement indicates Coordinated Work Loss Benefits, the company agrees with the named insured that, under the Work Loss Benefits Coverage, sums paid or payable to the named insured or any relative domiciled in the same household, shall be reduced by any amount paid or payable under any valid and collectable individual, blanket or group, accident or disability insurance, salary or wage continuation plan, employer paid sick pay program, workmen's compensation law, or disability law of a similar nature, or any other State or Federal law."

Defendant contended that plaintiff's sick leave program was to be coordinated by virtue of this clause and required plaintiff to use all 163 days of accrued sick leave prior to paying personal protection insurance benefits. The trial court concluded that while plaintiff's sick leave program was within the contractual language of the policy, it was not the type of insurance benefits contemplated by MCL 500.3109a; MSA 24.13109(1), and held that the exclusive clause was invalid as applied to plaintiff's sick leave time and against public policy.

The sick leave provisions of the Wayne County Civil Service Commission employment rules are clearly encompassed in the contractual language coordinating work-loss benefits in the policy of insurance, whether considered to be an employer-paid sick pay program or a salary or wage continuation plan. However, as the trial court points out, plaintiff's accrued sick leave days have both an economic value to him as well as providing his only protection against further wage loss due to illness. The trial court held that plaintiff's sick leave was not the type of insurance benefit contemplated by MCL 500.3109a; MSA 24.13109(1), and we agree.

MCL 500.3109a; MSA 24.13109(1) provides that:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by the section shall be subject to prior approval by the commissioner, and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household."

This statutory provision does not permit any and all exclusions, but rather limits the permitted exclusions to health and accident *coverage* on the insured. The use of the word "coverage" is particularly enlightening, since in the field of insurance, coverage is not an ordinary word but one of very precise meaning. *Freimuth v Glens Falls Ins Co.,* 50 Wash 2d 621, 625; 314 P2d 468 (1957). The word "coverage", when used in conjunction with insurance, means "protection by insurance policy". Webster's Third New International Dictionary, pp 524-525 (1961). The noninadvertent use of the word "coverage" in this section of the no-fault act, when the rest of the no-fault act refers to benefits, clearly indicates that the Legislature intended § 3109a, deductibles and exclusions, to be limited to health and accident *insurance* coverage upon the insured.

This interpretation of § 3109a is amply borne out by the practical aspects of this case. The benefit possessed by a plaintiff was his entitlement to a sick bank. During the period of time which his no-fault policy was in effect, his benefit from this sick bank was free to fluctuate depending on his usage of these days. Any rate reduction granted based upon this fluctuating benefit could not be actuarially sound. However, a rate based upon

another policy of insurance with fixed limits of liability would enable the insurance company to offer appropriately reduced premium rates.

A final consideration is the nature of plaintiff's sick leave benefit. This benefit is provided to enable plaintiff to receive wages while incapacitated for health reasons. To require the plaintiff to utilize these days rather than the coverage under his no-fault policy would destroy his sickness protection built up over many years. We do not believe that the Legislature intended to create such a trap for the unwary, and to permit them to sell important financial protection for a minimal no-fault insurance savings. Accordingly, we agree with the trial court that the exclusionary language in plaintiff's no-fault policy is invalid as applied to plaintiff's sick leave.

Affirmed. Costs to appellee.