RETTIG v HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 137193. Submitted June 9, 1992, at Grand Rapids. Decided October 19, 1992, at 9:30 A.M.

Gisela Rettig brought an action in the Berrien Circuit Court against Hastings Mutual Insurance Company, the no-fault insurer of her automobile, alleging that, following an automobile accident, Hastings improperly coordinated work-loss benefits under the no-fault policy with long-term disability benefits received by the plaintiff as a result of the accident under a long-term disability policy issued by another insurer and paid for by the plaintiff through payroll deductions. The court, Michael E. Dodge, J., granted summary disposition for Hastings, finding the long-term disability coverage to be "other health and accident coverage" within the meaning of the coordination of benefits provision of the no-fault act. The plaintiff appealed.

The Court of Appeals *held:*

The phrase "other health and accident coverage" contained in MCL 500.3109a; MSA 24.13109(1) encompasses insurance coverage for long-term disability. Hastings was entitled to coordinate the work-loss benefits with the long-term disability benefits received by the plaintiff.

Affirmed.

*Conybeare Law Office, P.C.* (by *John C. Johnson* and *Bruce C. Conybeare*), for the plaintiff.

*Butzbaugh & Dewane* (by *John E. Dewane*), for the defendant.

Before: SHEPHERD, P.J., and CONNOR and M. F. SAPALA,* JJ.

SHEPHERD, P.J. Plaintiff appeals as of right the decision of the trial court granting summary dispo-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

sition in favor of defendant pursuant to MCR 2.116(C)(10). The trial court held that defendant was entitled to an exclusion from coverage under the no-fault act because plaintiff's long-term disability policy with another insurer was subject to the coordination of work-loss benefits provision of defendant's no-fault policy as "other health and accident coverage" within the meaning of MCL 500.3109a; MSA 24.13109(1). We affirm.

The facts of this case are not in dispute. On July 14, 1987, plaintiff was injured in an automobile accident involving a vehicle owned by plaintiff and insured by defendant under a policy issued pursuant to the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* The insurance policy issued by defendant to plaintiff contained an approved coordinated benefits provision:

> We do not provide Personal Injury Protection Coverage for bodily injury . . . [f]or work loss benefits for you or any family member . . . to the extent that similar benefits are paid or payable under any other insurance, service, benefit or reimbursement plan.

At the time of the accident, plaintiff was employed by Heath Company as a supervisor, and was not covered by a collective bargaining agreement. Until June 1, 1988, plaintiff received full pay from her employer. From June 1, 1988, until May 30, 1990, plaintiff received long-term disability benefits under a long-term disability insurance policy issued by Reliance Standard Life Insurance Company, which was paid for by plaintiff through payroll deductions. On appeal, the sole issue before this Court is whether plaintiff's long-term disability benefits are properly excluded from the coordination of benefits provision in defendant's policy or whether defendant is entitled to exclude the

long-term disability benefits received by plaintiff as "other health and accident coverage" under § 3109a.

A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue of any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for the claim. *Amorello v Monsanto Corp,* 186 Mich App 324, 329; 463 NW2d 487 (1990).

MCL 500.3109a; MSA 24.13109(1) provides for the coordination of benefits in no-fault policies as follows:

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

In *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981), the Court construed the language "other health and accident coverage" in § 3109a in deciding whether Medicare benefits qualified for a setoff under a coordination of benefits clause. *Spencer v Hartford Accident & Indemnity Co,* 179 Mich App 389, 396-397; 445 NW2d 520 (1989). In analyzing the legislative history of § 3109a, which was added to the no-fault act by 1974 PA 72, the Court in *LeBlanc,* p 195, noted:

The bill would make it possible to eliminate the current situation in which persons insured under accident and health policies which include medical expense and *loss of wages benefits* may collect benefits from such coverage and from their no-fault personal protection benefits. This double recovery is contrary to public policy in that it is wasteful and can result in an insured receiving more income when recuperating than when working. [Emphasis provided.]

In *LeBlanc,* the Court further noted that § 3109a spoke of health and accident "coverage." Following *Orr v DAIIE,* 90 Mich App 687, 690; 282 NW2d 177 (1979), the Court found that "coverage" was a word with a precise meaning in the insurance industry, and was intended to refer to protection provided by an insurance policy, or the sum of the risks assumed by a policy of insurance. *LeBlanc,* p 204. The Court stated:

We are also of the view that the Legislature's enactment of § 3109a, which is narrowly limited to "coverage" and which is not expressly confined to private forms of such "coverage," evinces an intent to provide unique treatment to health and accident insurance, as opposed to other perhaps equally duplicative "benefits." [*Id.*]

See also *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 551-552; 383 NW2d 590 (1986), and *John Hancock Property & Casualty Ins Cos v Blue Cross & Blue Shield of Michigan,* 437 Mich 368, 377-378; 471 NW2d 541 (1991), where the Court has reiterated the broad policy rationale behind the coordinated benefits provision of § 3109a to contain both auto insurance costs and health care costs while eliminating duplicative recovery.

In this case, we hold that "other health and accident coverage" encompasses insurance cover-

age for long-term disability benefits. While the scope of coverage included within the meaning of "other health and accident coverage" subject to the coordination of benefits under § 3109a has expanded since *LeBlanc,* it has generally been limited to benefits typically associated with health insurance plans. *Spencer, supra,* p 398. In light of the legislative history and case law, we believe that the long-term disability benefits received by plaintiff come within the meaning of "coverage" under § 3109a, because they constitute protection typically provided by health insurance plans, which include payments for medical expenses resulting from an accident as well as wage-loss replacement benefits. *LeBlanc, supra,* p 204.

Contrary to plaintiff's contention, we do not believe that our holding conflicts with *Spencer.* In *Spencer,* this Court held that additional wages that the plaintiff received directly from his employer pursuant to a collective bargaining agreement did not represent "other health and accident coverage" within the meaning of § 3109a. There, this Court observed that under the Uniform Motor Vehicle Accident Reparations Act, wage continuation benefits pursuant to a union agreement were intended to be coordinated with no-fault benefits, but that the Michigan version of the uniform act contained more restrictive language and limited coordination of benefits to insurance coverage. In contrast to *Spencer,* the long-term disability benefits in this case were provided to plaintiff by Reliance Standard Life Insurance Company pursuant to an insurance policy, not a collective bargaining agreement. Accordingly, we conclude that defendant is entitled to an exclusion up to the amount of the long-term disability benefits plaintiff received because the benefits constituted "other health and accident coverage" under § 3109a.

Affirmed.